IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS ROMAN LOPEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 17-1039 (GAG)

Related to Crim. Case No. 12-038 (GAG)

## OPINION AND ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Docket No. 1.)

On January 19, 2012 a grand jury indicted Roman Lopez with: 1) aiding and abetting in a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), ("Count One") and, 2) aiding and abetting in the possession of a firearm in furtherance of a "crime of violence" –aiding and abetting a Hobbs Act Robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) ("Count Two"). Roman Lopez pled guilty to count two of the indictment. On November 13, 2012, the Court sentenced him to seventy-two months of imprisonment. (See Case No. 12-038 (GAG), Docket No. 101.)

On January 26, 2015, the Supreme Court in Johnson, ruled unconstitutional the imposition of an enhanced sentenced under the residual clause of the ACCA,[1] finding the statute's language

---

[1] Section 922(g) forbids convicted felons, persons committed to mental institutions, and drug users from shipping, possessing, and receiving firearms. 18 U.S.C. § 922(g). For the most part, the statute punishes violators to a maximum of ten years' imprisonment. § 924(a)(2). However, if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act ("ACCA") increases the violator's prison term to a minimum of fifteen years and a maximum of life imprisonment. § 924(e)(1); Johnson v. United States, 559 U.S. 130 S.Ct. 1265 (2010).

**Civil No. 17-1039 (GAG)**

vague in violation of the Due Process Clause. Then, on April 18, 2016, Supreme Court gave the Johnson ruling retroactive effect to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1568 (2016).

On January 11, 2017, Roman Lopez filed his petition for habeas relief. Petitioner argues that Johnson "[b]y logical extension" invalidates the similarly worded residual clause of section 924(c). (Docket No. 1). The Government, on the other hand, argues Roman Lopez does not raise a cognizable claim under Johnson and that collateral attack is not appropriate. (Docket No. 5.)

**I.     Legal Analysis**

The void-for-vagueness doctrine prohibits the government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" in violation of the Fifth Amendment. Johnson, 135 S. Ct. at 2556.

In rendering the residual clause void for vagueness, the Johnson Court found that "the text of the residual clause provides little guidance on how to determine whether a given offense "involves conduct that presents a serious potential risk of physical injury." Welch 136 S. Ct. at 1261. It pointed to two features of the statute's language made it vague. First, it noted that the residual clause "leaves grave uncertainty about how to estimate the risk posed by a crime" as it impermissibly ties "assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." Johnson, 135 S. Ct. at 2557. Second, the uncertain risk

---

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year that:" (i) has as an element the use, attempted use, or threatened use of physical force against the person of another" ("the elements clause") or *(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**"* § 924(e)(2)(B) (emphasis added). The end of subsection two is the infamous residual clause.

2

**Civil No. 17-1039 (GAG)**

required for a crime to qualify as a violent felony rendered the statutory language vague. "It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." Id. at 2558.

        a.   Section 924(c)'s Residual Clause

Petitioner argues section 924(c)(3) is unconstitutionally vague. He contends that Johnson overruled the "ordinary case" approach to determine when a felony qualifies as a "crime of violence" by finding it was unconstitutionally vague. Consequently, he posits the same reasoning applies to similarly worded statutes, such as 924(c)'s residual clause.

Roman Lopez's entire argument is predicated upon an overly broad reading of the underlying rationale in Johnson, instead of the actual holding of the case. "Both clauses "suffer from exactly the same double indeterminacy that made the ACCA's residual clause constitutionally infirm." (Docket No. 1 at 4). Petitioner extrapolates a broader effect to Johnson's finding that a district court "ordinary case" approach under the ACCA constitutionally flawed automatically translates to any instance in which a district court engages in said assessment. Petitioner reasons "Johnson did not turn on the *type* of risk involved but on *how* courts are directed to assess and quantify that risk." (Docket No. 1 at 4.) "Though the risk at issue in the ACCA is risk of physical injury, while the risk at issue in Section 924(c) is a risk that physical force will be used against person or property, the distinction makes no difference to the Due Process problem identified in Johnson." Id.

First, the language of the clauses at issue is not identical. Section 924(c) defines "crime of violence" as an offense that is a felony and: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) that by its

nature, ***involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.***" § 924(c)(3)(emphasis added).  ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year. . . , that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another" ("the elements clause") or *(ii) is burglary, arson, or extortion, involves use of explosives,* ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***" § 924(e)(2)(B) (emphasis added).

Petitioner contends that the differences in wording do not alter the constitutional bearing of the ruling.  Petitioner's theory does not convince the Court.  The distinct language of the statutes weighs heavily against Petitioner's argument.  The Supreme Court paid close attention to the enumerated offenses that precede the ACCA's residual clause and found that these contributed to the clauses' impermissible uncertainty. "By asking whether the crime "*otherwise* involves conduct that presents a serious potential risk," moreover, the residual clause forces courts to interpret "serious potential risk" in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives.  These offenses are "far from clear in respect to the degree of risk each poses." Johnson, 135 S. Ct. at 2558.  In reaching its conclusion, the Court recognized that "[e]ach of the uncertainties in the residual clause may be tolerable in isolation, but "*their sum makes a task for us which at best could be only guesswork.*" Johnson, 135 S.Ct. at 2560 (emphasis added).

What is more, the Johnson Court anticipated that its ruling would trigger challenges to other statutes, such as the issue Petitioner brings before the Court and stated the following.

> The Government and the dissent next point out that dozens of federal and state criminal laws use terms like "substantial risk," "grave risk," and "unreasonable risk," suggesting that to hold the residual clause unconstitutional is to place these

4

provisions in constitutional doubt. Not at all. Almost none of the cited laws links a phrase such as "substantial risk" to a confusing list of examples. "The phrase 'shades of red,' standing alone, does not generate confusion or unpredictability; but the phrase 'fire-engine red, light pink, maroon, *navy blue,* or colors that otherwise involve shades of red' assuredly does so.

Johnson, 135 S. Ct. at 2561 (quoting James v. United States, 550 U.S. 192, 230 (2007) (SCALIA, J., dissenting)). With this, the Court set apart ACCA's residual clause from the others,[2] and highlighted the role that the enumerated offenses played in their analysis and ultimately the Court's ruling.

Section 924(c)(3) does not contain enumerated offenses; therefore, said portion of the Johnson analysis is inapplicable to the section 924(c). As a result, Petitioner's extrapolation of "how courts are directed to assess and quantify the risk" is erroneous considering elements that were fundamental to the Johnson ruling are inapplicable to 924(c).

In sum, the breadth of the rule established in Johnson does not extend to Section 924(c).[3] Consequently, the Court holds that the in the wake of Johnson and Welch, the residual clause of section 924(c) is still valid.

      b.  Petitioner's challenge to 924(c) on collateral attack

In Welch the Supreme Court expressly delineated the narrow confines of its holding. Welch, 136 S. Ct. at 1264. By granting retroactive effect, the Court gave way to collateral challenges to enhanced sentences under ACCA. Id.

---

[2] Earlier this week the Supreme Court declined to extend Johnson to the Federal Sentencing Guidelines § 4B1.2(a)'s residual clause, holding that that the Federal Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. Beckles v. United States, No. 15-8544, 2017 WL 855781, at *1 (U.S. Mar. 6, 2017).

[3] My esteemed colleague, Senior Judge Daniel Dominguez also recently held that Johnson did not invalidate § 924(c)(3). See Manuel Fernandez Torres v. United States, Civil No. 14-1025, Docket No. 29.

Applying the <u>Teague v. Lane</u> framework that generally bars the retroactive application of new rules to cases on collateral review as well as the "substantive rule" exception, reasoning that "[b]y striking down the residual clause, <u>Johnson</u> changed the substantive reach of the Armed Career Criminal Act, altering the range of conduct or the class of persons that the [Act] punishes." <u>Id.</u> at 1265 (quotations omitted).[4]

"<u>Johnson</u> affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied, it is thus a substantive decision and so has retroactive effect under <u>Teague</u> in cases on collateral review." <u>Welch</u>, 136 S. Ct. 1257.  Pre-Johnson, ACCA applied "to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause." <u>Id.</u>  After <u>Johnson</u>, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison.  ACCA's unconstitutionally vague residual clause "can no longer mandate or authorize any sentence.  [I]n other words, 'even the use of impeccable fact-finding procedures could not legitimate" a sentence based on *that* clause.'" <u>Welch</u>, 136 S. Ct. at 1265 (citing <u>United States v. United States Coin & Currency</u>, 401 U.S. 715, 724 (1971)) (emphasis added).

Roman Lopez was sentenced on November 13, 2012.  <u>Johnson</u> was decided two years and seven months after Petitioner's sentencing.  Moreover, he was sentenced for violating Section 924(c) for possessing a firearm during and in relation to a "crime of violence" –aiding and abetting a Hobbs Act Robbery.  He was not sentenced under Section 924(e)'s residual clause sentence enhancement.  Thus, collateral habeas review under Section 2255 is not appropriate. Challenges to

---

[4] Substantive rules are those that "alter the range of conduct or the class of persons that the law punishes" including decisions "that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." <u>Id.</u>

**Civil No. 17-1039 (GAG)**

similarly worded residual clauses under the Johnson rationale should be raised on direct review, not collateral attack. Simply put, petitioner may not avail himself of Section 2255, because the Supreme Court in Johnson did not announce a new rule with respect to the residual clause of Section 924(c).

## II. Conclusion

For the foregoing reasons, this Court finds that Roman Lopez is not entitled to federal habeas relief on his claims. Accordingly, the Court hereby **DENIES** Petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2255. All claims in petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 are hereby **DISMISSED with prejudice.**

### CERTIFICATE OF APPEALABILITY

It is further ordered that in the event that Petitioner files a notice of appeal, a certificate of appealability should be issued considering the novel issue regarding the application of the Johnson ruling to 924(c)'s residual clause. The undersigned finds that "reasonable jurists could debate" over the issue at bar. Welch, 136 S. Ct. at 1263 (citing Slack v. McDaniel, 529 U.S. 473, 484, (2000)).

**SO ORDERED.**

In San Juan, Puerto Rico this 10th day of March, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge